UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CUEVAS MONTGOMERY,

    Petitioner,

v.                             Case No: 6:19-cv-1909-JA-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner also filed a supporting Memorandum of Law ("Memorandum," Doc. 2). Respondents filed a Response to Petition ("Response," Doc. 13) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 17) to the Response.

### I.    PROCEDURAL BACKGROUND

The State Attorney in and for the Ninth Judicial Circuit charged Petitioner by criminal information in Orange County, Florida with one count of robbery with a deadly weapon (Count One) and one count of aggravated

battery with a deadly weapon (Count Two). (Doc. 14-1 at 38-39). A jury found Petitioner guilty of the lesser included offense of robbery in Count One and guilty of Count Two. (*Id.* at 73-74). The trial court adjudicated Petitioner guilty of the offenses and sentenced him to imprisonment for a total term of fifteen years. (*Id.* at 102-113). Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam*. (*Id.* at 608).

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising three claims. (*Id.* at 612-75). The trial court entered an order denying claims two and three and scheduling an evidentiary hearing as to claim one. (*Id.* at 724-29). After the evidentiary hearing, the trial court denied claim one. (*Id.* at 789-91). The Fifth DCA affirmed the denial *per curiam*. (*Id.* at 838).

In his Petition for Writ of Habeas Corpus now before this Court, Petitioner seeks relief on four grounds. Ground one alleges the trial court erred when it allowed the exercise of a peremptory challenge made solely on the basis of race. Ground two alleges ineffective assistance of counsel for counsel's failure to convey a favorable plea offer. Ground three alleges ineffective assistance of counsel for counsel's failure to file a Notice of Expiration of Speedy Trial Time. Ground four alleges ineffective assistance of counsel for counsel's failure to

submit a motion for judgment of acquittal or request a particular lesser included jury instruction.

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj*

*v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Court in *Williams*:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court,

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*).

4

however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

To prevail on an ineffectiveness claim, the petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance was deficient. To meet this prong, the petitioner must show that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. *Id.* at 687. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, consequently, counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 689. Next, the petitioner must demonstrate that prejudice was suffered as a result of that performance. *Id.* at 687. Prejudice is established when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the petitioner has made an insufficient showing on one. *See Strickland*, 466 U.S. at 697.

III. ANALYSIS

A. Claim One

Petitioner states that the trial court erred when it struck "an African-American woman from the jury panel." (Doc. 1 at 4). Petitioner argues that the "exercise of a peremptory challenge made solely on the basis of race violate[d] [his] right to equal protection and to trial by an impartial jury." (*Id.* at 5). This claim was raised on direct appeal and was found to be without merit.

During jury selection, the following discussion occurred:

    Court: Mr. Barrett, are you objecting to the exercise of that challenge?

    Defense counsel: Yes, I am, Judge.

    Court: Why do you believe that juror can't be challenged?

    Defense counsel: Judge, she is a black-African-American, black female in this case.

    Court: Okay. Ms. Mills-Uvalle, what's your race or gender-neutral reason for striking her?

6

> Prosecutor: Yes, Your Honor. When I was speaking about testimonial evidence and would anyone have difficulty relying strictly on testimonial evidence and she raised her hand. That would cause a problem for her. So did Ms. Strickland, those two.
>
> Court: Alright. Argument, Mr. Barrett?
>
> Defense counsel: Difficulty, I would hope they would have difficulty with all the finding of guilty but I think just having difficulty is not sufficient. It appears to be a race neutral but I'm still saying- I guess we'll see as we go along because there are other witnesses [sic] on this case who indicated they would have the same problem but that doesn't mean they wouldn't be able to sit.
>
> Court: Mr. Barrett so it's clear, peremptory challenges are exercised against jurors who are otherwise capable of sitting. If they're not capable of sitting, they're a cause challenge. Every peremptory challenge is excusing someone who's capable of performing the job. They're being excused for some reason the attorney is concerned about that particular juror who is competent and qualified to serve hearing the evidence in the case. So the test is, is Ms. Mills-Uvalle's concern genuine and reasonable or is it subterfuge for striking someone because of their race. I think that that [sic] the explanation is a genuine and reasonable explanation. I'll allow the peremptory challenge on Ms. O'Bryan.

(Doc. 14-1 at 281-82). There was no further discussion regarding this juror, and all the parties, including Petitioner, accepted the jury. (*Id.* at 285-86).

The Equal Protection Clause prohibits the government from using peremptory challenges to exclude potential jurors on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). The resolution of a *Batson* objection involves a three-step, burden-shifting inquiry: (1) the defendant must set forth a *prima facie* case that discriminatory animus motivated the government's

7

peremptory strikes; (2) once the *prima facie* case is established, the burden shifts to the government to provide a race-neutral reason for its exercise of the peremptory strikes; and (3) the burden shifts back to the defendant to establish that the government's stated reasons are a mere pretext for discrimination. *United States v. Houston*, 456 F.3d 1328, 1335 (11th Cir. 2006).

Here, the trial court elicited non-discriminatory reasons for the exercise of the peremptory strike and ruled on the ultimate issue of discrimination; therefore, the first step of the *Batson* inquiry is rendered moot, and the Court must review only the trial court's application of the second and third steps of *Batson*. *Houston*, 456 F.3d at 1336. The government's explanation for a strike need not be "persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices." *Rice v. Collins*, 546 U.S. 333, 338 (2006) (quotations omitted). In this case, the prosecutor referenced the juror indicating her difficulty to rely strictly on testimonial evidence. The Court finds that the justification articulated by the prosecutor was a facially legitimate, race-neutral reason for exercising a peremptory strike. Hence, the trial court did not err in concluding that the prosecutor had articulated a legitimate, race-neutral explanation for the disputed peremptory strike.

Moving to the third step of the *Batson* inquiry, the Court must evaluate whether Petitioner has demonstrated that the prosecutor's stated reason was

a mere pretext for discrimination. Petitioner has provided no evidence suggesting the prosecutor's stated reason was a pretext for discrimination. Petitioner does not argue that the juror was treated differently than similarly situated non-African American venire members, nor does he point to anything in the prosecutor's questions themselves to suggest discriminatory intent. Thus, there is no indication from the record that the trial court erred by concluding that Petitioner failed to satisfy his burden of showing that the prosecutor's reason was mere pretext for discrimination.

As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, Claim One is denied.

### B. Claim Two

Petitioner states that his counsel was ineffective for failing "to convey to the Defendant a favorable plea offer from the state." (Doc. 1 at 6). This claim was raised in Petitioner's Rule 3.850 motion, and the trial court held an evidentiary hearing on the claim. The trial court denied relief, finding that his counsel did convey the plea offer and that Petitioner rejected the offer. (Doc. 14-1 at 790-91).

The trial court discussed that, prior to trial, Petitioner's counsel had indicated that a plea offer had been conveyed and that Petitioner "wanted a trial":

> According to the transcript of trial, prior to commencement, the State indicated the above-styled offer was no longer available. The trial court inquired whether the plea had been conveyed, and Mr. Barrett indicated that it had but that Defendant wanted a trial. Defendant said nothing. The trial court then asked whether he understood that he would have a trial that day. Defendant said, "Yes, sir." At the evidentiary hearing, Defendant attributed his silence to nervousness and confusion.

(Doc. 14-1 at 790). Moreover, at the evidentiary hearing, the trial court reviewed the pre-trial transcript, noting that Petitioner's counsel had mentioned that there had been a plea offer but that Petitioner had rejected it. (*Id.* at 758-59).

In addition, Petitioner's counsel testified that he had conveyed the plea offer to Petitioner and that Petitioner "did not want the offer." (*Id.* at 753). Petitioner's counsel reiterated on at least two other occasions that he had "relayed the offer to him, and he said—he rejected the offer." (*Id.* at 755, 760). Ultimately, the trial court found that Petitioner's counsel "did convey the State's offer to Defendant . . . [and that Petitioner's counsel] understood that Defendant wished to reject the offer." (*Id.* at 790).

Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review. Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Questions about the credibility and demeanor of a witness are considered to be questions of fact. *See Freund v. Butterworth*, 165 F.3d 839, 862 (11th Cir.1999) *(en banc)*. And the AEDPA affords a presumption of correctness to a factual determination made by a state court. 28 U.S.C. § 2254(e).

In the present case, the record reveals that Petitioner's counsel conveyed the plea offer and that Petitioner rejected it. Petitioner has failed to show that his counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, Claim Two is denied.

C. **Claim Three**

Petitioner states that his counsel was ineffective for failing "to file a Notice of Expiration of Speedy Trial Time after 175 days since arrest and

11

Motion to Discharge." (Doc. 1 at 8). This claim was raised in Petitioner's Rule 3.850 motion and was denied because there was no showing of prejudice. (Doc. 14-1 at 727).

Petitioner was arrested on May 7, 2013. (*Id.* at 18). Because no demand for speedy trial was made, the State was required to bring Petitioner to trial within 175 days. Fla. R. Crim. P. 3.191(a). The speedy trial period expired on October 29, 2013, and the State timely filed an Information on October 4, 2013. (*Id.* at 38-40). Consequently, Petitioner has the burden of demonstrating a reasonable probability that the State would have been unable to proceed during the recapture period, which ended on November 13, 2013.[2] *See Remak v. State*, 142 So. 3d 3, 6 (Fla. 2d DCA 2014) ("[t]o plead a facially sufficient claim of prejudice, a movant must allege specific facts that demonstrate that the State could not have brought the movant to trial within the recapture window provided in rule 3.191(p)(3) . . . .").

---

[2] Once a defendant files a notice of expiration of speedy trial, the trial court must hold a calendar call to set the trial and ultimately bring the defendant to trial within fifteen days from the notice. Fla. R. Crim. P. 3.191(p)(3). "This window gives the State an opportunity for recapture; a last chance to bring the defendant to trial before he is forever discharged from the crime." *Whitehall v. State*, 81 So. 3d 599, 602 (Fla. 2d DCA 2012) (citation omitted) (quotations omitted).

Petitioner argues that, if his counsel had filed a notice of expiration of speedy trial, the State would have been unable to bring him to trial within the 15-day recapture window.[3] He contends that the State would have been unable to locate the victim and that the victim would have been unwilling to testify. He mentions that the State filed a motion to continue on September 29, 2014, based on the victim having been recently bonded out of jail and could not be located in time for trial.

"A claim of ineffective assistance of counsel based on a failure to seek discharge because of a violation of the speedy trial rule is extremely tenuous where the State had available the recapture window of Rule 3.191(p)(3)." *Hammond v. State*, 34 So. 3d 58, 60 (Fla. 4th DCA 2010). It is virtually impossible to reconstruct "the circumstances that existed when the speedy trial issue arose (often years earlier), what the State could and could not have done

---

[3] The original trial was scheduled for December 16, 2013, with a Pre-Trial Conference scheduled for December 4, 2013. (Doc. 14-1 at 41). Petitioner failed to appear for the Pre-Trial Conference, and the trial did not occur. (*Id.* at 47). The trial court issued a Capias, and Petitioner was arrested on June 17, 2014. (*Id.* at 49). A Pre-Trial Conference was then scheduled for September 17, 2014, with the trial period beginning on September 29, 2014. (*Id.* at 57). Petitioner's counsel filed a Demand for Speedy Trial on September 16, 2014. (*Id.*). The trial was continued because of the unavailability of the victim and began on November 3, 2014. (*Id.* at 61-63; 161). Claim Three involves counsel's failure to file a notice of expiration of speedy trial with regard to Petitioner's original arrest.

at that time, and what might have been. Absent peculiar circumstances, such a claim is likely not subject to reasonable proof." *Id.* (quotation omitted). As discussed by the trial court, Petitioner's

> evidence does not establish a reasonable probability that trial could not have commenced on or before November 14, 2013. That the victim was subsequently unable to be located and expressed temporary reticence toward testifying does not create an inference that she would behave similarly nearly a year past. Notably, the crimes that the victim was charged with were not committed during the recapture window. TT at 152. Accordingly, the Court finds that Defendant cannot demonstrate prejudice.

(Doc. 14-1 at 726-27).

This Court finds that there has been no showing of prejudice and that, therefore, Petitioner has not shown that he received ineffective assistance of counsel. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, Claim Three is denied.

### D. Claim Four

Petitioner argues his counsel was ineffective for failing "to submit a motion for judgment of acquittal on Count One . . . or, in the alternative, request a jury instruction containing robbery by sudden snatching in the lesser

included." (Doc. 1 at 11). He alleges that the State failed to present competent, substantial evidence that he "actually conducted a robbery using a deadly weapon, rather than just by sudden snatching." (*Id.* at 12). This claim was raised in Petitioner's Rule 3.850 motion and was denied because there was no showing of prejudice.

At trial, the victim testified that Petitioner grabbed her, pushed her down, hit her, and demanded money. (Doc. 14-1 at 319). The victim further testified that she was in possession of $180, that the money was located in her bra, that the money fell to the ground during the confrontation, and that Petitioner took the money and her bicycle. (*Id.* at 332-333). The victim managed to escape from Petitioner, but Petitioner caught up to her and was holding a knife. (*Id.* at 320). After demanding money, Petitioner stabbed her. (*Id.* at 321).

After the State rested, Petitioner's counsel conceded that there was enough evidence to submit to the jury. (*Id.* at 498). However, the trial court noted that "had the motion for judgment of acquittal been made on each of the two counts, I would deny it, based on your concession as to the evidence. It's the jury's job to sift through the evidence." (*Id.*). Thus, the trial court specifically stated that a motion for judgment of acquittal would have been denied. Based on the victim's testimony, there was enough evidence to support

15

the charge of robbery with a deadly weapon. Even so, the jury ultimately decided that Petitioner did not use a weapon during the encounter and convicted him of simple robbery.

The Court finds that Petitioner has failed to show that his counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, Claim Four is denied.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2021.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party